09-2805-cr
United States v. Murray

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand eleven.

PRESENT:

JOSÉ A. CABRANES,
REENA RAGGI,
   *Circuit Judges*,
RICHARD K. EATON,
   *Judge*.\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

   *Appellee*,

 v.                No. 09-2805-cr

TERRY JOE MURRAY,

   *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

 \* The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

FOR DEFENDANT-APPELLANT:    Simon K. Moody, Williams, Heinl, Moody & Buschman, P.C., Auburn, NY.

FOR APPELLEE:    Elizabeth S. Riker, Assistant United States Attorney (Richard S. Hartunian, United States Attorney for the Northern District of New York, *on the brief*, Richard R. Southwick, Assistant United States Attorney, *of counsel*), Office of the United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Chief Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Terry Joe Murray ("defendant" or "Murray") appeals from a judgment of the District Court convicting him of one-count of conspiring, from in or about December 2005 to December 2006, to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, after a jury found, beyond a reasonable doubt, that he had conspired to distribute and to possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A). Defendant claims that his conviction was based on insufficient evidence with regard to the amount of cocaine and cocaine base in his possession and that the District Court erred in not setting aside the verdict, following his motion for a new trial based upon ineffective assistance of counsel.

## I.

We review *de novo* a claim of insufficient evidence, applying the same standards as the district court. *United States v. Yannotti*, 541 F.3d 112, 120-21 (2d Cir. 2008). To prevail, defendant must establish that no rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime charged. *See Jackson v. Virginia*, 443 U.S 307, 319 (1979). "[I]n determining whether he has made that showing, we must view the evidence in the light most favorable to the government, drawing all permissible inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United States v. Caracappa*, 614 F.3d 30, 43 (2d Cir. 2010). Because Murray did not challenge the sufficiency of evidence in his post-trial motion, his claim on appeal is reviewable for plain error only. *See United States v. Allen*, 127 F.3d 260, 264 (2d Cir. 1997) ("To preserve the sufficiency issue and avoid the burden of showing plain error, a defendant must have moved for judgment of acquittal either at the close of all the evidence pursuant to Rule 29(a) or

2

post-trial in a motion pursuant to Rule 29(c).”); *United States v. Muniz*, 60 F.3d 65, 67 (2d Cir. 1995) (“A convicted defendant who fails to raise the issue of insufficient evidence in the trial court cannot prevail on that ground on appeal unless it was plain error for the trial court not to dismiss on its own motion.”).

Murray claims that his conviction was based on insufficient evidence because (a) the evidence came from co-conspirators who testified in order to reduce their sentences, and (b) testimony about drug quantity was “vague and general and based on mere estimates and speculation.” Def.’s Br. 8-9.  With respect to the credibility of the witnesses, we note that “notwithstanding the defense’s invitations to the contrary, it is well-settled that when reviewing the sufficiency of the evidence we defer to the jury’s assessment of witness credibility” even when, as here, “the Government witnesses . . . had pled guilty to . . . drug dealing and testified pursuant to cooperation agreements with the Government.”  *United States v. Glenn*, 312 F.3d 58, 64 (2d Cir. 2002) (internal quotation marks omitted).  With respect to Murray’s claims about the vagueness of the drug quantity, the Government concedes the witnesses “used estimates when testifying.” Gov’t. Br. 16.  Nevertheless, the Government explains that even the lowest estimates described by the witnesseses established drug quantities far higher than those found by the jury.  Accordingly, we find defendant’s insufficiency claim to be without merit.

## II.

Following trial, Murray filed a *pro se* motion for a new trial under Rule 33, alleging that his trial counsel had been constitutionally ineffective by, along other things, allegedly not allowing him to testify and not explaining to him that he had a right to testify.  The District Court appointed new counsel.  On January 6, 2009 the District Court held an evidentiary hearing on Murray’s claim that he was denied the right to testify by his previous counsel. The District Court issued a written decision on May 13, 2009, in which it found that it could not conclude that Murray’s right to testify had not been violated, but that there was no reasonable probability that, if Murray had testified, the result of the proceeding would have been different.

To establish a claim of ineffective assistance, the defendant must establish: “(1) that counsel’s performance was so unreasonable under prevailing professional norms that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment . . . and (2) that counsel’s ineffectiveness prejudiced the defendant such that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different,” *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984) (internal quotation marks omitted)).  In applying the first prong of the test, we “indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance,” and that “[e]ven the best criminal defense attorneys would not defend a

3

client in the same way." *Strickland v. Washington*, 466 U.S. at 689. To prevail, a defendant must also meet the test of the second prong of *Strickland*—that is, defendant must also show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We review as a factual finding, subject to clear error review, a district court's determination as to whether a defendant's testimony might have changed the outcome of a trial. *See Rega v. United States*, 263 F.3d 18, 21 (2d Cir. 2001).

It is true that a defendant's right to testify may not be waived by his counsel, and that trial counsel's duty of effective assistance includes the responsibility of advising the defendant concerning his right to testify. *See Brown v. Artuz*, 124 F.3d 73, 79 (2d Cir. 1997). The law is currently unclear regarding the manner in which counsel should inform his client of his right to testify. *See United States v. Caracappa*, 614 F.3d at 49. Nevertheless, even if the first prong of the *Strickland* test may not have been met by Murray's counsel, the District Court's finding that Murray did not meet the requirement of the second prong is not clearly erroneous. Given the clear and voluminous evidence provided by numerous eyewitnesses, Murray's testimony would not have changed the outcome of the trial. Accordingly, we reject Murray's claim of ineffective assistance of counsel.

## CONCLUSION

We have considered all of defendant's claims on appeal and found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court